**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**DANVILLE DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **Case No.: 4:18-CR-00011-MFU-RSB** |
| | ) | |
| **SHABBA LARUN CHANDLER,** | ) | |
| | ) | |
| **Defendant** | ) | |

**MEMORANDUM IN OPPOSITION TO THE GOVERNMENT'S EMERGENCY MOTION TO LIMIT DISCLOSURE OF IDENTIFYING INFORMATION OUTSIDE DEFENSE TEAMS**

COMES NOW, the Defendant, Shabba L. Chanlder (the "Defendant"), and hereby submits as follows for his Memorandum in Opposition to the Government's Emergency Motion to Limit Disclosure of Identifying Information Outside Defense Teams.

## FACTUAL BACKGROUND

The Defendant, a 24 year-old resident of Danville, Virginia who was indicted with a wide-ranging number of offenses, including the murder of Christopher L. Motley in furtherance of a racketeering conspiracy. The Government, through the indictment, also provided the Defendant with notice of special sentencing factors. Boiled down, the Government's allegations are that the Defendant was a member of a violent street gang known as the "Rollin 60s" which is alleged to have committed various crimes in Danville, Virginia. Recently, a superseding indictment was filed which names 11 co-defendants. A companion indictment has also been filed against other alleged gang members known as the "Millas." If convicted, the Defendant will undoubtedly face multiple decades (or life) in prison. To assist the defendants in preparing for trial each has been appointed counsel.

Since the time of indictment, the Government has produced enormous amounts of

discovery which includes witness statements, video recordings, Facebook records, field notes, and other materials. The total amount of discovery exceeds 500 gigabytes. The Government now seeks to impose limits on how defense counsel may disclose this discovery to the Defendant.

On December 3, 2018, the Government filed an Emergency Motion to limit "the disclosure of witnesses' names and identify information outside of the defense team" and prohibit "copies of discovery from being left at detention centers." (Gov't Mot. p 3.). In support of its Motion, the Government referenced collateral state proceedings involving an unnamed defendant in this case and states that a named victim in this indictment was lured to a location and murdered. Overall, the crux of the Government's Motion is that victim and witness safety will be impugned if the requested discovery protocols are not implemented.

**ARGUMENTS & AUTHORITIES**

**I. LEGAL STANDARD**

Pursuant to Federal Rule of Criminal Procedure 16(d)(1) the Government must set forth good cause before the Court may enter a protective order or otherwise "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." The Third Circuit is one of the few courts which has addressed this issue. In *United States v. Wecht*, 484 F.3d 194 (3d Cir. 2007), the Third Circuit drew reasoning from prior cases analyzing Federal Rule of Civil Procedure 26(c) for its analysis of Federal Rule of Criminal Procedure 16(d)(1). The rule in *Wecht*, regarding good cause, was stated succinctly as this:

> Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking disclosure. The injury must be shown with specificity. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing.

*Wecht*, 484 F.3d at 211, *quoting Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d

Cir. 1994).

The Government's allegations do not rise to the level of good cause and the Emergency Motion should be denied.

## II. THE GOVERNMENT'S ALLEGATIONS ARE SPECULATIVE AND DO NOT SATISFY THE GOOD CAUSE STANDARD

The Government offers the bare allegation that a witness was murdered in gang territory to support its Emergency Motion. No additional facts are alleged, but the Government's implication is clear- that the Defendant and his co-defendants are to blame. Without more, such an implication is unfounded and should not be used to justify limiting discovery in this matter.

Similarly, the Government claims that a defendant, not *this* Defendant, sent a letter from jail which could be construed as a request for others to tamper with witnesses. The Government puts forth no allegations that this Defendant- Mr. Chandler- has ever tampered with a witness or threatened someone's safety. Regardless, the Government asks for a broad order which impacts all of the Defendants, many of whom are not charged with witness tampering and have no violent criminal record. The Government's request is not particularized enough to justify entry of the proposed order.

## II. THE TERMS OF THE PROPOSED ORDER UNDULY INFRINGE UPON AND CHILL THE DEFENSE FUNCTION

The Motion also seeks to make each and every defense attorney the gatekeeper of the government's voluminous production by limiting the disclosure of essentially every person referenced in the discovery materials and limiting the Defendant's own access to the materials at the regional jail. How is defense counsel to enforce this order? If entered, the proposed order will force each defense attorney to make a calculated decision about what to disclose and not to disclose to the client for fear of potentially creating a situation in which a Court order may be

violated.

More importantly, the natural effect of the proposed order if granted would be to severely restrict the Defendant's own ability to review any materials which may be provided to the regional jail for his review. Without access to these materials how will the Defendant assist in his own defense? This raises serious due process and other Constitutional concerns.

**CONCLUSION**

For the reasons above, and any others apparent to the Court, the Government's Motion Emergency Motion to Limit Disclosure of Identifying Information Outside Defense Teams should be denied without prejudice to file a request for a more limited protective order or orders after further conferral with the defense.

Respectfully submitted,

SHABBA LARUN CHANDLER

By: /s/ Aaron Balla Houchens
Of Counsel

Jeffrey L. Dorsey, Esq. (VSB #32702)
JEFFREY L. DORSEY, P. C.
25 Library Square
Salem, Virginia 24153
(540) 389-8800 (telephone)
(540) 389-7122 (facsimile)
jeff@dorseylawfirm.com

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th of December 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing was electronically transmitted through the CM/ECF system to the following CM/ECF participants:

Ronald Huber, Esq.
Heather L. Carlton, Esq.
Assistant United States Attorneys
U.S. Attorney's Office for the Western District of Virginia
U.S. Courthouse and Federal Building
255 West Main Street
Charlottesville, Virginia 22902
ron.huber@usdoj.gov
heather.carlton@usdoj.gov

/s/ Aaron Balla Houchens