IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No.: 4:18-CR-00011-MFU-RSB |
| | ) | |
| SHABBA LARUN CHANDLER, | ) | |
| | ) | |
| Defendant | ) | |

## MOTION TO STAY PROCEEDINGS

COMES NOW, Defendant Shabba L. Chandler (the "Defendant"), by and through his counsel of record, and hereby moves to stay these proceedings. In support thereof, the Defendant states as follows:

## FACTUAL BACKGROUND

Prior to trial and pursuant to this Court's scheduling order, the Defendant and others moved to dismiss certain counts in the Superseding Indictment. (Ecf. No. 349). After substantial briefing and oral argument, the Court issued its Memorandum Opinion granting, in part, and denying, in part, the Motions to Dismiss. (Ecf. No. 554). Specifically, the Court dismissed counts alleging VICAR assault with a dangerous weapon, predicated on the Virginia brandishing statute. *Id.* Since the Court's rulings, the parties have continued to litigate important pretrial issues and to prepare for trial.

On August 21, 2019, the Government filed a Notice of Appeal seeking to challenge the Court's ruling concerning the VICAR assault with a dangerous weapon counts. (Ecf. No. 623). In its Notice of Appeal, the Government argues "[t]he United States believes the Court still has jurisdiction to proceed to trial on the remaining counts from the First Superseding Indictment, and the United States is preparing for that trial." *Id.* at n. 1. For the reasons set forth herein,

1

the Governments belief is wrong and this Court lacks jurisdiction to continue to adjudicate these proceedings. A stay must occur pending appeal.

## ARGUMENTS & AUTHORITIES

### I. THE GOVERNMENTS NOTICE OF APPEAL DIVESTS THIS COURT OF JURISDICTION AND THESE PROCEEDINGS MUST BE STAYED

#### a. Standard of Review

The law of this circuit is clear. Generally, "an appeal confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the cases involved in the appeal." *United States v. Modanlo*, 762 F.3d 403, 408 (4th Cir. 2014). This general rule is subject to limited exceptions which permit a district court "to take subsequent action on matters that are collateral to the appeal, or to take action that aids the appellate process." *Doe v. Public Citizen*, 749 F.3d 246, 258 (4th Cir. 2014) (citations omitted). Allowing a trial to proceed on an incomplete indictment is not a collateral matter.

#### b. The Government's Position is Untenable, Contrary to Established Law and Would Violate the Defendant's Due Process Rights

The Government's proposal seeks to have the trial proceed while it awaits a decision from the Fourth Circuit. Such a proposal is bizarre. Under the Government's theory, the defendants would have a trial on the merits on the post-motion to dismiss indictment, await a ruling from the Fourth Circuit, and, if the Government prevails, have a *another* trial on the remaining charges. If the Government succeeds, certain defendants will be forced to litigate additional counts which contain unique facts and circumstances. Moreover, this Defendant will be forced to prepare to combat the collateral issues raised by such evidence. The Government's proposal runs the risk of inconsistent verdicts and has other wide-ranging due process implications.

The Government cites no authority for its dual trial proposition and seemingly ignores the

very case law it relies upon. In *Modanlo*, the Government the Fourth Circuit specifically noted that "a *trial may not be conducted from the time that an interlocutory or collateral order appeal is properly taken until the court of appeals returns jurisdiction to the district court*." 762 F.3d at 411 (emphasis added); *see also United States v. Brooks*, 145 F.3d 446, 457 (1st Cir.1998) (declaring that the district judge "retain[ed] no power to swear a jury and begin the trial" upon government's pretrial filing of § 3731 appeal); *United States v. Mavrokordatos*, 933 F.2d 843, 846 (10th Cir.1991) (ruling that § 3731 appeal filed at 1:51 p.m. divested trial court of jurisdiction as jury was not sworn until approximately 4:10 p.m.); *Stewart v. Donges*, 915 F.2d 572, 574–79 (10th Cir.1990) (concluding that pretrial appeal of denial of qualified immunity rendered trial nullity absent certification that appeal was frivolous).[1]

Moreover, the Government's arguments overlook the importance of the commencement of a criminal trial and the intent of 18 U.S.C. § 3731. The statute was not crafted to permit the Government to have two bites at the apple, instead it is a vehicle by which the Government may address pretrial rulings which *impact* trial. *See United States v. Harshaw,* 705 F.2d 317, 319 (8th Cir. 1983) (Congress crafted section 3731 specifically to permit the resolution of evidentiary appeals before the commencement of trial). Here, the Government seeks to have two trials. This has significant consequences for the defendants, witnesses and judicial economy. These essential facts are overlooked by the Government in its quest to appeal. A stay for lack of jurisdiction must be granted to preserve the Defendant's due process rights.[2]

---

[1] Each of these cases and the parentheticals were cited in the *Modanlo* opinion but, with the exception of *Brooks*, not mentioned in the Government's Notice of Appeal. More importantly, the Government cites to *Brooks* but ignores its holding which stated: "we hold that the filing of a proper notice of appeal pursuant to section 3731 divests the district court of its authority to swear a jury and start the trial." *Brooks*, 145 F.3d at 457.

[2] Pursuant to the case law cited herein, a stay should exist until the Fourth Circuit has an opportunity to consider the Government's arguments. If this Court is not inclined to issue such a stay, the Court should stay these proceedings for at least 14 days which would permit the Defendant to contemplate the merits of a cross-appeal. See Fed. App. P. 4(b)(1)(A)(ii).

## CONCLUSION

For the foregoing reasons, the Defendant requests a stay of these proceedings due to a lack of jurisdiction. The Defendant, however, expressly reserves his rights to seek admission to bail during the pendency of any appeal.

                                              Respectfully submitted,

                                              SHABBA LARUN CHANDLER

                                              By: /s/    Aaron Balla Houchens___
                                                    Of Counsel

Jeffrey L. Dorsey, Esq. (VSB #32702)
JEFFREY L. DORSEY, P. C.
25 Library Square
Salem, Virginia 24153
(540) 389-8800 (telephone)
(540) 389-7122 (facsimile)
jeff@dorseylawfirm.com

Aaron B. Houchens, Esq. (VSB #80489)
AARON B. HOUCHENS, P.C.
111 East Main Street
P.O. Box 1250
Salem, Virginia 24153
540-389-4498 (telephone)
540-339-3903 (facsimile)
aaron@houchenslaw.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 21st of August 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and the foregoing was electronically transmitted through the CM/ECF system to the following CM/ECF participants:

Ronald Huber, Esq.
Heather L. Carlton, Esq.
Assistant United States Attorneys
U.S. Attorney's Office for the Western District of Virginia
U.S. Courthouse and Federal Building
255 West Main Street
Charlottesville, Virginia 22902
ron.huber@usdoj.gov
heather.carlton@usdoj.gov

/s/     Aaron Balla Houchens___