IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| ) | Case No.: 4:18-cr-00011 |
| v. ) | |
| ) | |
| ) | |
| MARCUS JAY DAVIS, et al., ) | |
| ) | By: Michael F. Urbanski |
| Defendants. ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter comes before the court on defendant Chandler's Emergency Motion to Continue Beginning of Trial After Jury Selection/Swearing In (the "Motion"), ECF No. 872.[1] The defendants ask the court to enter an order granting a continuance of the beginning of the trial for seven days following the selection and swearing in of the jury. For the reasons stated below, the court will **DENY** the Motion.

I.

On June 28 ("Interview 1"), October 27 ("Interview 2"), and November 1, 2017 ("Interview 3"), detectives with the Danville Police Department ("DPD") interviewed DaShawn Anthony, a defendant in the related trial United States v. Anthony, 4:18-cr-12, while he was incarcerated in Caswell County, North Carolina, pending unrelated criminal charges there. Written reports of Interviews 1, 2, and 3 were provided by the government to the defendants on October 2, 2018 and video copies of Interviews 2 and 3 were provided to

---

[1] The Motion was joined by defendants Davis, ECF No. 873, Fuller, ECF No. 874, Miles, ECF No. 875, Kanas Trent, ECF No. 876, Kevin Trent, Jr., ECF No. 877, Ross, ECF No. 878, and Deshaun Trent, ECF No. 879.

defendants on August 2, 2018. With respect to the video of Interview 1, as of October 4, 2019, the government told defendants that it did not have a working copy of the video and that any such copies provided to the DPD or the government were corrupted.

On October 5, 2019, the government informed defendants that it was able to recover a working copy of the video of Interview 1 and provided copies to defendants shortly thereafter. Defendant Chandler filed the Motion on October 6, 2019, seeking to continue to the trial for seven days. The court held a preliminary hearing on the Motion on October 7, 2019, and on October 8, 2019, the government filed the United States' Response to Defendants' Motions to Suspend Trial, ECF No. 891. On October 9, 2019, defendant Chandler filed a reply memorandum in support of the Motion (the "Reply Memorandum"), ECF No. 896.[2]

## II.

Whether or not to grant a continuance in a trial is left to the discretion of the court. See Morris v. Slappy, 461 U.S. 1, 11–12 (1983) ("[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the [Sixth Amendment].") (internal quotation marks omitted). The Supreme Court noted that such "broad discretion must be granted" to district courts because "[t]rial judges necessarily require a great deal of latitude in scheduling trials." Id. at 11. "The district court's denial of a continuance is reviewed for abuse of discretion." United States v. Jones, 408 Fed.Appx. 748, 751 (4th Cir. 2011)) (citing United

---

[2] The Reply Memorandum was joined by defendants Deshaun Trent, ECF No. 897, Davis, ECF No. 898, Ross, ECF No. 900, and Fuller, ECF No. 901. The court notes that defendants Kevin Trent, Jr., Kanas Trent, and Miles have not joined the Reply Memorandum.

2

States v. Williams, 445 F.3d 724, 738-39 (4th Cir. 2006)). "[E]ven if such an abuse is found, the defendant must show that the error specifically prejudiced [his] case in order to prevail." United States v. Hedgepeth, 418 F.3d 411, 419 (4th Cir. 2005); United States v. Lawrence, 161 F.3d 250, 254 (4th Cir. 1998) ("A district court is entitled to broad discretion with respect to a decision to deny a continuance. Furthermore, absent a presumption of prejudice, specific errors must be shown which undermine confidence in the outcome of the trial to constitute reversible error.").

Defendants argue that the court should delay the start of the trial an additional seven days because the video of Interview 1 contains new, relevant evidence that needs to be investigated. As outlined in the defendants' brief, defendants contend that there are material differences between the statements and allegations made during Interview 1 and Interviews 2 and 3. Defendants believe that they need the additional time to investigate the details surrounding such statements and allegations made by Mr. Anthony. Without the additional time, defendants argue, they will be unable to be fully prepared for trial.

In response, the government asserts that the video of Interview 1 does not contain any material information that has not previously been disclosed to defendants. The government further contends that defendants will suffer no prejudice because defendants have, at a minimum, ten days between the disclosure of the video of Interview 1 and defendants' opening statements, and over a month between the disclosure of the video of Interview 1 and the beginning of the defendants' case-in-chief.

3

## III.

The court, having reviewed the parties' briefs, the entirety of the videos of Interviews 1, 2, and 3, and the written summaries of Interviews 1, 2, and 3, concludes that the defendants will have sufficient time to investigate any details or information provided in the video of Interview 1. Although the court acknowledges that some of the statements made in Interview 1 differ from Interviews 2 and 3, the court concludes that a minimum of forty days is sufficient time for defendants to investigate any variations in Mr. Anthony's statements and be prepared to present their case in chief. The court also notes that Mr. Anthony does not appear on either the government's or defendants' witness list for this trial and that the government will not introduce the video of Interview 1 into evidence.

Accordingly, the court finds that denying the defendants' Motion serves the ends of justice and the defendants will suffer no prejudice.

An appropriate Order will be entered.

Entered: 10-11-19

Michael F. Urbanski
Chief United States District Judge